828 F.2d 17
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Alphonzo BROWN, Petitioner-Appellant,
v.
DIRECTOR, OFFICE OF WORKERS COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent-Appellee.
 No. 86-2646
 United States Court of Appeals, Fourth Circuit.
 Submitted June 29, 1987.
Decided August 20, 1987.
 
 Frederick K. Muth, Hensley, Muth, Garton & Hayes, on brief, for appellant.
 George R. Salem, Donald S. Shire, Solicitors of Labor, J. Michael O'Neill, Counsel for Appellate Litigation, Thomas L. Holzman, Assistant Counsel, U.S. Department of Labor, on brief, for appellee.
 Before RUSSELL, MURNAGHAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Alphonzo Brown petitions for review of the decision of the Benefits Review Board (Board) affirming the Administrative Law Judge's (ALJ) denial of black lung benefits under the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. Secs. 901-945. We affirm.
 
 
 2
 The ALJ concluded that the miner had invoked the interim presumption of total disability, pursuant to 20 C.F.R. Sec. 727.203(a)(1), but that the presumption was rebutted pursuant to 20 C.F.R. Sec. 727.203(b)(2). In finding rebuttal the ALJ relied on the reports of Doctors Zaldivar and Spagnolo. Doctor Zaldivar concluded, after examining the claimant, that Brown was able to perform his usual coal mine work. Doctor Spagnolo concluded, after reviewing the medical evidence, that Brown had no respiratory impairment or disability. Based on these reports, the ALJ denied Brown benefits.
 
 
 3
 The Board found that Doctor Zaldivar's report was erroneously admitted into evidence. Nevertheless, the Board found that substantial evidence supported the ALJ's finding of (b)(2) rebuttal, based on Doctor Spagnolo's report. Additionally, the Board held that the ALJ properly discredited the opinion of Doctor Ahmed as his conclusions contradicted the results of his examination, and the results of his blood gas test deviated from the other tests in the record.
 
 
 4
 Brown contends that the ALJ's decision, affirmed by the Board, is not supported by substantial evidence. Specifically, he argues that the report of Doctor Spagnolo, as the report of a non-examining physician, is not sufficient to constitute substantial rebuttal evidence. We disagree. Our review of the record reveals that the ALJ's decision to discredit Doctor Ahmed's opinion is supported by substantial evidence.
 
 
 5
 In concluding that the presumption was rebutted the ALJ properly considered all of the relevant medical evidence before him, see Stapleton v. Westmoreland Coal Co., 785 F.2d 424 (4th Cir. 1986) (en banc), cert. granted sub nom. Mullins Coal Co. v. Director, Office of Workers' Compensation Programs, 55 U.S.L.W. 3472 (U.S. Jan. 12, 1987) (No. 86-327). We find that the decision of the Benefits Review Board is supported by substantial evidence and is in accordance with the law. 33 U.S.C. Sec. 921(b)(3). See Zbosnik v. Badger Coal Co., 759 F.2d 1187, 1189-90 (4th Cir. 1985).
 
 
 6
 Because the dispositive issues have recently been decided authoritatively, we dispense with oral argument. The decision of the Benefits Review Board is affirmed.
 
 
 7
 AFFIRMED.